[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-14544
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 6, 2011
JOHN LEY
CLERK

D.C. Docket No. 7:09-cv-00866-LSC

KIMBERLY CUNNINGHAM,

Plaintiff-Appellant,

versus

NATURE'S EARTH PELLETS, L.L.C.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(July 6, 2011)

Before HULL, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Kimberly Cunningham appeals the summary judgment in favor of her

former employer, Nature's Earth Pellets, and against her complaint of discrimination in violation of the Americans with Disabilities Act. 42 U.S.C. § 12102. Cunningham argues that Nature's Earth Pellets discriminated against her and regarded her as disabled based on her addiction to prescription drugs. We affirm.

The Americans with Disabilities Act provides that no covered employer "shall discriminate against a qualified individual with a disability because of the disability of such individual" in any of the "terms, conditions, [or] privileges of employment." 42 U.S.C. § 12112(a). To establish a prima facie case of employment discrimination under the Act, a plaintiff must prove that she has a "physical or mental impairment that substantially limits one or more [of her] major life activities" or is "regarded as having such an impairment." 42 U.S.C. § 12102(1)(A), (C). "[A] person is 'regarded as' disabled within the meaning of the [Americans with Disabilities Act] if a covered entity mistakenly believes that the person's actual, nonlimiting impairment substantially limits one or more major life activities." Murphy v. United Parcel Serv., Inc., 527 U.S. 516, 521–22, 119 S. Ct. 2133, 2137 (1999). "[T]o prevail on a perception theory of disability discrimination, [the employee] must be able to show that, as with a real impairment, the perceived impairment is "'substantially limiting' and significant."

2

Sutton v. Lader, 185 F.3d 1203, 1208 (11th Cir. 1999). A major life activity is a basic action performed by an average person in the general population and includes actions like performing manual tasks, physical movements and communication, breathing, thinking, communicating, and working. Id. § 12102(2)(A); 29 C.F.R. § 1630.2(j)(1).

Cunningham failed to establish a prima facie case of discrimination based on either an actual or perceived disability. Cunningham argues that her addiction to anti-depressant medications prevented her from resolving other mental disorders, caused her to suffer about ten panic attacks a month, and interfered with her ability to breathe, concentrate, interact with others, and care for herself, but Cunningham failed to establish that any of these impairments were or were regarded as substantially limiting. See 42 U.S.C. § 12102(1); Sutton, 185 F.3d at 1208. Cunningham testified that she was able to breathe and get ready for work; she performed regularly the tasks of a shipping clerk, which required her to monitor the supply of company products and coordinate deliveries of those products; and she exercised sufficient independence of thought and concentration to withdraw from a rehabilitation facility against the advice of her physicians.

Even if Cunningham had established a prima facie case of discrimination, she failed to prove that the legitimate reason proffered for her termination was

3

pretextual. Nature's Earth Pellets introduced evidence that Cunningham had been terminated because of her extensive absenteeism and the number of final warnings that she had been given under the company's progressive discipline system. To establish pretext, Cunningham was required to prove that the "'the proffered reason was not the true reason for the employment decision . . . either by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation [was] unworthy of credence.'" Jackson v. Ala. State Tenure Comm'n, 405 F.3d 1276, 1289 (11th Cir. 2005) (quoting Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 256, 101 S. Ct. 1089, 1095 (1981)). Cunningham argues that Nature's Earth Pellets had not considered terminating her for past infractions of its leave policy, but that argument does not establish that the decision to fire Cunningham lacked credence. Based on Cunningham's history of absenteeism, Nature's Earth Pellets could legitimately refuse to grant Cunningham sick leave of an indefinite duration.

The summary judgment in favor of Nature's Earth Pellets is **AFFIRMED**.